JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NICOLE BERKEBILE

**(b)** County of Residence of First Listed Plaintiff: **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cary L. Flitter, Andrew M. Milz, Jody T. Lopez-Jacobs, Flitter Milz, P.C.
450 N. Narberth Avenue, Suite 101, Narberth, PA 19072 (610) 822-0782

## DEFENDANTS
JPMORGAN CHASE BANK, N.A.

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
50 U.S.C. Sect. 3901
Brief description of cause:
SCRA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  1/25/19          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| NICOLE BERKEBILE | : | CIVIL ACTION |
| v. | : | |
| JPMORGAN CHASE BANK, N.A. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| 1/25/19 | JODY T. LOPEZ-JACOBS | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 610-668-0011 | 610-667-0552 | jlopez-jacobs@consumerslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __406 East Oak Street, Norristown, PA 19401__

Address of Defendant: __201 N. Walnut Street, Wilmington, DE 19801__

Place of Accident, Incident or Transaction: __Norristown, PA 19401__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/25/19__   _____/s/_____   __320522__
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* __SCRA Servicemembers Civil Relief Act__

B.  *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____  _____  _____
                              *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLE BERKEBILE<br>406 East Oak Street,<br>Norristown, PA 19401<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>JPMORGAN CHASE BANK, N.A.<br>201 N. Walnut Street,<br>Wilmington, DE 19801<br>　　　　　　Defendant. | CIVIL ACTION NO. |

**COMPLAINT**

I. **INTRODUCTION**

1. This is a consumer protection case seeking redress for Defendant bank's wrongful repossession of Plaintiff's car in violation of federal law that bars repossession after the borrower has entered active military service.

2. Federal law provides protections for servicemembers during and after active duty. Congress enacted this law—the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901 *et seq.*,—"to provide for, strengthen, and expedite the national defense through protection to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation." *Id.* at § 3902(1).

3. Among the protections under the SCRA is the prohibition on the non-judicial (or "self-help") repossession of a servicemember's vehicle for an alleged breach that occurred before entering military service. 50 U.S.C. § 3952(a).

4. Defendant JPMorgan Chase Bank, N.A. violated the SCRA and state law that provides protections to consumers when it repossessed Plaintiff's car without court order or lawful right to seize the car.

5. After the repossession, Plaintiff was compelled to pay Defendant to get her vehicle back, and suffered with no transportation to work or elsewhere.

6. Plaintiff brings the instant suit to seek redress for Defendant's violations of the SCRA, the Pennsylvania Uniform Commercial Code, 13 Pa.C.S. § 9101 et seq., and for the conversion of her vehicle.

## II. JURISDICTION

7. Jurisdiction is conferred upon this Court by the SCRA, 50 U.S.C. § 3901 *et seq.*, actionable through 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. PARTIES

9. Plaintiff Nicole Berkebile is an adult individual residing in Norristown, PA at the address captioned.

10. Defendant JPMorgan Chase Bank, N.A. ("Chase") is a national banking association with an address as captioned.

11. Defendant makes loans and transacts business with Pennsylvania consumers in this District, and made a vehicle loan to Plaintiff who resides in this district.

## IV. STATEMENT OF CLAIM

12. On or about October 2017, Ms. Berkebile financed the purchase of a new Chevrolet Cruze for ordinary travel.

13. Defendant Chase acquired a security interest in the vehicle under a Retail Installment Sale Contract ("RISC").

2

14. Ms. Berkebile made regular and timely payments on the vehicle for approximately seven months.

15. Ms. Berkebile is a member of the Army National Reserve. As part of her duties, Ms. Berkebile is required by order of the Department of the Army to appear at annual trainings.

16. On or about December 21, 2017, Ms. Berkebile received orders from the Department of the Army to attend an annual training in California starting on May 28, 2018.

17. On or about May 13, 2018, Ms. Berkebile was injured in a car accident. She suffered a fracture, and required several months of physical therapy. During this time, she was unable to make regular payments on the RISC due to her injuries from the car accident. Nicole so advised Chase.

18. Due to her injuries, Ms. Berkebile was deemed unable to participate in her annual training scheduled for May 28, 2018.

19. On or about July 9, 2018, Ms. Berkebile received orders from the Department of the Army to perform annual training in Bristol, PA starting on September 4, 2018.

20. Ms. Berkebile began active duty on September 4, 2018 and retained that status until October 21, 2018.

21. Then, only five days after Ms. Berkebile returned from active duty, Defendant Chase repossessed Ms. Berkebile's vehicle on October 26, 2018.

22. Defendant Chase did not have a court order permitting it to go forward with the self-help repossession. There was no suit or due process. The repossession was *ex parte*.

23. Chase demanded that Ms. Berkebile pay approximately $2,200 to Chase to get back (or redeem) the vehicle that was wrongfully repossessed. Plaintiff paid.

3

24. Since redeeming the vehicle, Ms. Berkebile has remained current on her payments under the RISC.

25. The Pennsylvania Uniform Commercial Code requires that the secured party provide consumers with a specific, detailed notice after the repossession but before the sale. *See* 13 Pa. C.S. § 9611(b); *Cubler v. Trumark Fin. Credit Union*, 83 A.3d 235 (Pa. Super. 2013).

26. The notice serves practical purposes; it informs the borrower about, *inter alia*, whether the disposition will be by public or private sale, and where and when the collateral will be sold. 13 Pa. C.S. § 9613(1); *Cubler*, 83 A.3d at 236 n.1.

27. After the repossession, Ms. Berkebile did not receive a notice from Defendant Chase regarding the repossession of her vehicle.

## COUNT I
## SERVICEMEMBERS CIVIL RELIEF ACT

28. The foregoing paragraphs are incorporated herein as if set forth at length.

29. The SCRA provides that "[a]fter a servicemember enters military service, a contract by the servicemember for . . . the purchase of real or personal property (including a motor vehicle) . . . may not be rescinded or terminated for a breach of terms of the contract occurring before or during that person's military service, nor may the property be repossessed for such breach without a court order." 50 U.S.C. § 3952(a)(1).

30. Defendant violated § 3952(a)(1) of the SCRA by repossessing Ms. Berkebile's vehicle without a court order after she had entered military service.

31. The SCRA also provides that "[a] person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects without a court order granted before foreclosure or enforcement." 50 U.S.C. § 3958(a)(1).

32. Defendant violated § 3958 of the SCRA by enforcing the lien on Ms. Berkebile's vehicle without a court order and within 90 days of returning from active duty.

**WHEREFORE**, Plaintiff Nicole Berkebile respectfully asks this Court to grant judgment in her favor and against Defendant Chase for:

    (a) Actual damages;

    (b) Punitive damages;

    (c) Reasonable attorney's fees and costs; and,

    (d) Such other relief as the Court shall deem just and proper.

### COUNT II
### PENNSYLVANIA UNIFORM COMMERCIAL CODE

33. The foregoing paragraphs are incorporated herein as if set forth at length.

34. Under the terms of the RISC, Defendant was the secured party in this transaction.

35. The Pennsylvania UCC requires a prompt post-repossession notice to the borrower advising of the repossession, whether a borrower can redeem (or get their car back) at any time before the expiration of 15 days, an itemized statement of the total amount required to redeem, whether the vehicle will be sold by public or private sale (and if public, the time and place), whether the debtor may be liable for a deficiency or entitled to a surplus, and other information. 12 Pa. C.S. § 6254; 13 Pa. C.S. § 9610, 9613–9614.

36. Defendant violated the above provisions of the UCC by failing to provide any Notices required thereunder after repossessing Plaintiff's vehicle.

37. Defendant's failure to comply with the requirements of Division 9 in the UCC renders Defendant liable for minimum statutory damages of not less than the credit service charge (finance charge) plus 10% of the principal amount of the underlying obligation. 13 Pa. C.S. § 9625.

WHEREFORE, Plaintiff Nicole Berkebile respectfully asks this Court to grant judgment in her favor and against Defendant Chase for:

(a) Statutory damages;

(b) Such other relief as the Court shall deem just and proper.

## COUNT III
## CONVERSION

38. The foregoing paragraphs are incorporated herein as if set forth at length.

39. Defendant Chase repossessed Plaintiff's vehicle without having the present right to do so.

40. Plaintiff did not consent to the repossession of her vehicle.

41. Defendant lacked a lawful justification for repossessing the vehicle

42. As a result of Defendant's repossession of the vehicle, Plaintiff was stripped of her means of transportation and was compelled to pay Defendant approximately $2,200 to get the car back.

WHEREFORE, Plaintiff Nicole Berkebile respectfully asks this Court to grant judgment in her favor and against Defendant Chase for:

(a) Actual damages;

(b) Such other relief as the Court shall deem just and proper.

V. **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 1/25/19

CARY L. FLITTER
ANDREW M. MILZ
JODY THOMAS LÓPEZ-JACOBS

6

Attorneys for Plaintiff

FLITTER MILZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
(610) 668-0018
Email: jlopez-jacobs@consumerslaw.com